UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No._____

NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff,

v.

BANK OF NORTH CAROLINA, AS
SUCCESSOR IN INTEREST TO
SOUTHCOAST COMMUNITY BANK and
SUSAN E. GEER-RODWELL,

    Defendants.

Plaintiff, New York Life Insurance Company (the "Company"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

## PARTIES

1. The Company is a mutual insurance company organized and existing under the laws of the state of New York with its principal place of business in New York, New York, and is duly licensed to do business in the state of States of North Carolina and South Carolina.

2. Upon information and belief, Defendant Bank of North Carolina is a bank with its principal place of business in High Point, North Carolina, is a citizen of North Carolina for jurisdictional purposes, and is the successor in interest to SouthCoast Community Bank.

3. Upon information and belief, Defendant Susan E. Geer-Rodwell is an adult resident and citizen of Charleston, South Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of North Carolina and South Carolina.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

6. David Rodwell (the "Insured") was a member of AARP and eligible to apply for life insurance coverage under group insurance policy number AA-48, which was issued by the Company to the Trustee of AARP Life Insurance Trust (the "Group Policy").

7. Pursuant to the Group Policy, the Insured applied for, and on or about July 27, 2010, was issued individual life insurance certificate number A52 365 03 (the "Policy").

8. By Collateral Assignment dated June 4, 2015, the Insured assigned the Policy as collateral security to SouthCoast Community Bank (the "Collateral Assignment"). *A copy of the Collateral Assignment dated June 4, 2015 is attached hereto as **Exhibit A***.

9. Upon information and belief, Bank of North Carolina subsequently became the successor in interest of SouthCoast Community Bank as the result of a merger.

10. By Owner Change Form dated July 7, 2016, the Insured transferred the Policy's ownership to his wife, Susan Geer-Rodwell. *A copy of the Owner Change Form dated July 7, 2016 is attached as **Exhibit B***.

11. On that same Owner Change Form dated July 7, 2016, Susan Geer-Rodwell was designated as the Policy's sole beneficiary to the Policy death benefit.

12. Upon information and belief, the Insured died on October 10, 2016. *A copy of the Insured's Death Certification is attached hereto as **Exhibit C***.

13. As a result of the death of the Insured, Policy death benefits in the amount of $100,000 (the "Death Benefit") became due to a beneficiary or beneficiaries and liability is conceded to that effect.

14. If the Collateral Assignment is given legal effect, the Death Benefit should be distributed to the assignee in satisfaction of the assignment, with any remaining portion of the Death Benefit payable to the Policy's beneficiary of record.

15. Susan Geer-Rodwell, through counsel, asserts that the Collateral Assignment should be void in its entirety, alleging that it was fraudulently obtained and/or contains a forgery, and that Susan Geer-Rodwell is entitled to the entire Death Benefit.

16. By Claim Forms dated October 18, 2016 and October 24, 2016, Susan Geer-Rodwell asserted a claim for the Death Benefit. *Copies of the Claim Forms dated October 18, 2016 and October 24, 2016 are collectively attached hereto as **Exhibit D***.

17. By Correspondence and Claim Form dated March 2, 2017, Bank of North Carolina, as successor in interest to SouthCoast Community Bank, asserted a claim for the Death Benefit, or a portion thereof in connection with the Collateral Assignment. *A copy of the*

3

36618707v1

Case 1:17-cv-00454-TDS-JEP   Document 1   Filed 05/17/17   Page 3 of 5

*Correspondence and Claim Form dated March 2, 2017 are collectively attached hereto as **Exhibit E**.*

18. There have been no other claims for the Death Benefit. Under the circumstances, the Company cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

19. The Company is ready, willing and able to pay the Death Benefit, plus applicable claim interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

20. As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

21. The Company accordingly will distribute to the Clerk of Court for deposit into the Registry of the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court.

22. The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, the Company prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(c)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d)     permitting the Company to deposit the amount of the Death Benefit, plus claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)     discharging the Company from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f)     awarding the Company its attorneys' fees and costs in their entirety; and

(g)     awarding the Company any other and further relief that this Court deems just and proper.

This the 17th day of May, 2017.

/s/ **PAMELA R. LAWRENCE**
**NC State Bar No. 44558**
**Counsel for Plaintiff New York Life Insurance Company**
**BUTLER SNOW, LLP**
**6752 Rock Spring Road, Suite 310**
**Wilmington, NC 28405**
**PH:    (910) 550-1320**
**Email:  pamela.lawrence@butlersnow.com**